**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

Abdellah El Farissi, Appellant,

v.

Newberry College, Respondent.

Appellate Case No. 2024-001360

———

Appeal From Newberry County
Eugene C. Griffith, Jr., Circuit Court Judge

———

Unpublished Opinion No. 2026-UP-389
Submitted July 1, 2026 – Filed July 29, 2026

———

**AFFIRMED**

———

Abdellah El Farissi, of Columbia, pro se.

Sheila Marlouvon Abron, of Fisher & Phillips, LLP, of
Columbia, for Respondent.

———

**PER CURIAM:**  Abdellah El Farissi appeals the circuit court's order granting
Newberry College's (the College) motion to dismiss with prejudice.  On appeal, El
Farissi argues the circuit court erred by (1) misinterpreting the requirements for a
cause of action under federal and state wiretapping law and (2) creating an

environment that did not reflect judicial fairness and impartiality.[1]  We affirm pursuant to Rule 220(b), SCACR.

1.  As to issue one, viewing the evidence in the light most favorable to El Farissi, we hold the circuit court did not err in granting the College's motion and dismissing the complaint with prejudice because even if the student athlete who recorded the conversation, Natassia Chamoun, was acting on behalf of a request by the head tennis coach to record Chamoun's conversation with El Farissi, Chamoun was a party to the conversation that she recorded; and thus, there was consent and no unlawful interception occurred.  *See Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009) ("On appeal from the dismissal of a case pursuant to Rule 12(b)(6) [of the South Carolina Rules of Civil Procedure], an appellate court applies the same standard of review as the [circuit] court."); *id.* ("That standard requires the [c]ourt to construe the complaint in a light most favorable to the nonmovant and determine if the 'facts alleged and the inferences reasonably deducible from the pleadings would entitle the plaintiff to relief on any theory of the case.'" (quoting *Williams v. Condon*, 347 S.C. 227, 233, 553 S.E.2d 496, 499 (Ct. App. 2001))); *Bergstrom v. Palmetto Health All.*, 358 S.C. 388, 395, 596 S.E.2d 42, 45 (2004) ("Under Rule 12(b)(6), . . . a defendant may move to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action."); *Doe v. Greenville Cnty. Sch. Dist.*, 375 S.C. 63, 66, 651 S.E.2d 305, 307 (2007) ("Generally, in considering a Rule 12(b)(6) . . . motion to dismiss, the [circuit] court must base its ruling solely upon allegations set forth on the face of the complaint."); Rule 8(a), SCRCP ("A pleading which sets forth a cause of action . . . shall contain (1) a short and plain statement of the grounds including facts and statutes upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the facts showing that the pleader is entitled to relief, and (3) a prayer or demand for judgment for the relief to which he deems himself entitled."); 18 U.S.C.A. § 2511(2)(d) ("It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication . . . ."); S.C. Code Ann. § 17-30-30(C) (2014) ("It is lawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where the

---

[1] To the extent El Farissi argues the College wrongfully terminated his employment and violated his right to due process, we hold El Farissi waived any argument on these points by not including the arguments in his initial brief.  *See Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 692 (Ct. App. 2001) ("[A]n argument made in a reply brief cannot present an issue to the appellate court if it was not addressed in the initial brief.").

person is a party to the communication or where one of the parties to the communication has given prior consent to the interception."); *State v. Whitner*, 399 S.C. 547, 553, 732 S.E.2d 861, 864 (2012) ("[W]hen a party to a communication gives consent for the communication to be intercepted, such recording does not violate the law.").

2.  As to issue two, we hold El Farissi's argument that the circuit court erred by creating an environment that did not reflect judicial fairness and impartiality is not preserved for appellate review because it was not raised to and ruled on by the circuit court.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review."); *Butler v. Sea Pines Plantation Co.*, 282 S.C. 113, 122-23, 317 S.E.2d 464, 470 (Ct. App. 1984) ("Generally, where bias and prejudice of a [circuit] judge is claimed, the issue must be raised when the facts first become known and, in any event, before the matter is submitted for decision."); *Bryan v. Bryan*, 296 S.C. 305, 311, 372 S.E.2d 116, 120 (Ct. App. 1988) (recognizing that a party can raise an issue of bias in circuit court).  Although El Farissi stated he intended to appeal the court's order at the hearing, this statement was not sufficiently specific to inform the circuit court that El Farissi was objecting to the court's impartiality and lack of judicial fairness.  *See Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("[A]n objection must be sufficiently specific to inform the [circuit] court of the point being urged by the objector."); *Staubes v. City of Folly Beach*, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) ("Error preservation requirements are intended 'to enable the lower court to rule properly after it has considered all relevant facts, law, and arguments.'" (quoting *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000))).

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.